UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. HUMPHREYS,<br>Plaintiff,<br>v.<br>SHAWN HATTON, et al.,<br>Defendants. | Case No. 17-cv-05628-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at the Correctional Training Facility proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. He is granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## ANALYSIS

**A.      Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In his complaint, plaintiff states that he suing defendants for "grand theft, sexual harassment, theft of mail, and their retaliation by searching cell." Dkt. No. 1 at 1. The supporting facts are difficult to understand and discuss many different issues. Plaintiff's allegations fail to state clearly what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation. The lack of detail prevents the Court from determining which claims deserve a response and from whom, and also prevents individual defendants from framing a response to the complaint. These deficiencies require that an amended complaint be filed. Plaintiff should bear in mind the following legal principles as he prepares his amended complaint.

Retaliation: "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the

2

alleged retaliatory acts. *See Mt Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, the plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). *See generally Reichle, et al. v. Howards*, 132 S.Ct. 2088, 2097-98 (2012) (Ginsburg, J. concurring) (finding no inference of retaliatory animus from Secret Service agents' assessment whether the safety of the person they are guarding is in danger); *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008) (finding no retaliation where plaintiff presented no evidence that defendants gave her a traffic citation after defendants read a newspaper article about her First Amendment activities, rather than because she drove past a police barricade with a "road closed" sign on it); *Huskey*, 204 F.3d at 899 (summary judgment proper against plaintiff who could only speculate that adverse employment decision was due to his negative comments about his supervisor six or seven months earlier).

Interference With Mail: Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Turner* standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning *incoming* mail received by prisoners from non-prisoners. *See Thornburgh*, 490 U.S. at 413. In the case of *outgoing* correspondence from prisoners to non-prisoners, however, an exception to the *Turner* standard applies. Because outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to internal prison order and security, there must be a closer fit between any regulation or practice affecting such correspondence and the purpose it purports to serve. *See id.* at 411-12. Censorship in such instances is justified only if (1) the regulation or practice in question furthers one or more of the substantial governmental interests of security, order and rehabilitation, and (2) the limitation on First Amendment freedoms is no greater than necessary to further the particular government interest involved. *See Procunier v.*

3

*Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds*, *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989).

Deprivation of Property: Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). This is because "[t]he state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct." *Hudson*, 468 U.S. at 533. If the deprivation is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982) (failure on part of state commission to hold hearing within statutory time limits not permitted to terminate timely filed claim). *Parratt* does not apply where the state has procedures designed to control the actions of state officials and the officials act pursuant to those procedures. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 738 (9th Cir. 2001); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994), aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc, 75 F.3d 1311 (9th Cir. 1996) (en banc). In those instances, the Fourteenth Amendment requires "an opportunity . . . granted at a meaningful time and in a meaningful manner, . . . for a hearing appropriate to the nature of the case." *Logan*, 455 U.S. at 437.

Plaintiff's claim for sexual harassment does not give rise to a constitutional claim as the alleged incidents are not actionable under 42 U.S.C. § 1983. *See, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment). Accordingly, the Court dismisses, **without leave to amend**, plaintiff's sexual harassment claim. Dismissal is without

4

1 prejudice to plaintiff pursuing the claim in state court.

In his amended complaint, plaintiff must specifically identify what each named defendant did or did not do with regard to each separate claim. Sweeping conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.

Plaintiff is advised that Federal Rule of Civil Procedure 20(a) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In his amended complaint, plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein.

Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff will be provided thirty days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.

**CONCLUSION**

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff believes he can state a cognizable claim for relief, he shall file an AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed. The amended

complaint must include the caption and civil case number used in this order (C 17-5628 HSG (PR)) and the words AMENDED COMPLAINT on the first page. If plaintiff files an amended complaint, he must allege, in good faith, facts—not merely conclusions of law—that demonstrate that he is entitled to relief under the applicable federal laws. **Failure to file a proper amended complaint in the time provided will result in the dismissal of this action without further notice to plaintiff.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint or his prior filings by reference.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk shall send plaintiff a blank civil rights complaint form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: 1/26/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge