UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD R. HUMPHREYS,

Plaintiff,

v.

J. MARTINEZ, et al.,

Defendants.

Case No. 17-cv-05628-HSG (PR)

**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, an inmate at the Correctional Training Facility ("CTF") proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Court reviewed his complaint and dismissed it with leave to amend on the ground that there were a wide variety of claims that appeared to be improperly joined, and the supporting facts were difficult to understand. Plaintiff has filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A. For the reasons stated below, the Court dismisses the amended complaint with further leave to amend.

## DISCUSSION

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that CTF officers McGriff, J. Martinez, Serna, Jimenez, and M. Perez have stolen plaintiff's mail including magazines, catalogs, photographs, and stamps that plaintiff had subscribed to or otherwise purchased. Plaintiff further alleges that on March 16, 2018, officers J. Martinez and Serna learned that plaintiff was suing them after they opened and read plaintiff's mail and thereafter retaliated by stealing additional items from plaintiff's cell.

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Turner* standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners. *See Thornburgh*, 490 U.S. at 413.

2

Prisoners also have a liberty interest in the receipt of mail, including subscription publications, which triggers procedural due process guarantees. *Krug v. Lutz*, 329 F.3d 692, 696-97 (9th Cir. 2003). If prison officials withhold mail, a prisoner has a due process right to receive notice that his incoming mail is being withheld. *See Frost v. Symington*, 197 F.3d 348, 353-54 (9th Cir. 1999); *see also Prison Legal News v. Cook*, 238 F.3d 1145, 1152-53 (9th Cir. 2001) (holding that due process rights apply to withheld mail where prisoners had constitutionally protected right to receive the mail). A prisoner also has a due process right to appeal the exclusion of mail to a prison official other than the one who made the initial exclusion decision. *See Krug*, 329 F.3d at 697-98 & n.6. Liberally construed, plaintiff's allegations state cognizable claims of violation of his First Amendment and Fourteenth Amendment rights as against CTF officers McGriff, J. Martinez, Serna, Jimenez, and M. Perez.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Prisoners may not be retaliated against for exercising their right of access to the courts. *See Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995). Retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, the plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). *See generally Reichle, et al. v. Howards*, 566 U.S. 658, 670-72 (2012) (Ginsburg, J. concurring) (finding no inference of retaliatory animus from Secret Service agents' assessment whether the safety of the person they are guarding is in danger); *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008) (finding no retaliation where plaintiff presented no evidence that defendants gave her a traffic citation after defendants read a newspaper article about her First Amendment activities, rather than because she drove past a police barricade with a "road closed" sign on it); *Huskey*, 204 F.3d at 899 (summary judgment proper against

3

plaintiff who could only speculate that adverse employment decision was due to his negative comments about his supervisor six or seven months earlier).

Plaintiff's conclusory allegations that defendants acted in retaliation fall short. There are no facts alleged showing what type of mail defendants purportedly read that alerted them to plaintiff's lawsuit. Further, there are no facts alleged showing that defendants confiscated property from his cell as a result of plaintiff's protected conduct as opposed to out of a continuation of defendants' pattern of taking property, which plaintiff elsewhere alleges was already ongoing and pervasive. Accordingly, plaintiff's retaliation claim is dismissed. Further leave to amend is granted so that plaintiff may attempt to allege a plausible retaliation claim, if he truthfully can do so.

**CONCLUSION**

1. The amended complaint states a cognizable § 1983 claim against CTF officers McGriff, J. Martinez, Serna, Jimenez, and M. Perez for First and Fourteenth Amendment violations relating to interference with plaintiff's mail. Leave to amend will be granted so that plaintiff may attempt to cure the pleading deficiencies in his retaliation claim in a second amended complaint ("SAC"). The SAC must be filed within **thirty (30) days** from the date this order is filed and must include the caption and civil case number used in this order (C 17-5628 HSG (PR)) and the words SECOND AMENDED COMPLAINT on the first page.

2. Plaintiff is advised that a second amended complaint supersedes the original complaint and first amended complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaints by reference. Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, plaintiff must repeat his allegations against officers McGriff, J. Martinez, Serna, Jimenez, and M. Perez in the SAC if he files an SAC.

3. Failure to file an SAC by the deadline will result in the dismissal of all claims except the First and Fourteenth Amendment claims against officers McGriff, J. Martinez, Serna, Jimenez, and M. Perez. If plaintiff wishes to proceed solely on these claims and does not wish to file an

4

SAC amending his retaliation claim, he should so inform the Court within **thirty (30) days** from the date this order is filed.

4. The Clerk shall send plaintiff a blank civil rights complaint form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: 7/19/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge