UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. HUMPHREYS, <br> Plaintiff, <br> v. <br> MARTINEZ, et al., <br> Defendants. | Case No. 17-cv-05628-HSG (PR) <br><br> **ORDER GRANTING EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT; DENYING MOTON FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. Nos. 32, 33 |

Plaintiff, an inmate at the Correctional Training Facility ("CTF") proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On January 26, 2018, the Court reviewed his complaint and dismissed it with leave to amend on the ground that there were a wide variety of claims that appeared to be improperly joined, and the supporting facts were difficult to understand. Plaintiff then filed an amended complaint alleging that various CTF officers stole his mail and retaliated against him. On July 19, 2018, the Court reviewed the amended complaint and found that it stated First Amendment and Fourteenth Amendment claims as against CTF officers McGriff, J. Martinez, Serna, Jimenez, and M. Perez for interference with plaintiff's mail. Plaintiff's retaliation claim was dismissed with further to leave to amend. Now before the Court is plaintiff's: (1) motion for preliminary injunction, and (2) motion for 90-day extension of time to file his second amended complaint.

Plaintiff seeks a preliminary injunction directing CTF Officer Baldwin to stop stealing plaintiff's mail and legal documents. Officer Baldwin is not a party to this action. Accordingly, to the extent plaintiff seeks to force or enjoin action by Officer Baldwin, the motion must be denied based on the Court's lack of jurisdiction. *See* Fed. R. Civ. P. 65(d)(2).

The motion must also be denied based on plaintiff's failure to comply with notice requirements. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order. Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for

preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Because defendants have not yet been served in this action and plaintiff has not provided evidence showing that defendants have received notice of this action, the motion for a preliminary injunction is DENIED without prejudice.

Good cause appearing, plaintiff's motion for an extension of time to file a second amended complaint ("SAC") is GRANTED. Plaintiff shall file his SAC by **November 19, 2018**. Plaintiff should name Officer Baldwin in the second amended complaint and include specific allegations against Officer Baldwin if he wishes to include Officer Baldwin as a defendant in this action. Parties may not file piecemeal complaints or amendments that contain portions of claims and defendants.

Plaintiff is reminded that a second amended complaint supersedes the original complaint and first amended complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaints by reference. Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, plaintiff must repeat his allegations against officers McGriff, J. Martinez, Serna, Jimenez, and M. Perez in the SAC if he files an SAC.

**Failure to file an SAC by the deadline will result in the dismissal of all claims except the First and Fourteenth Amendment claims against officers McGriff, J. Martinez, Serna, Jimenez, and M. Perez.**

This order terminates Dkt. Nos. 32 and 33.

**IT IS SO ORDERED.**

Dated: 8/31/18

HAYWOOD S. GILLIAM, JR.
United States District Judge