1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 DONALD R. HUMPHREYS,

Case No. 17-cv-05628-HSG

8 Plaintiff,

**ORDER TO SHOW CAUSE; DENYING MOTIONS FOR PROSECUTORIAL INVESTIGATION; DENYING MOTION FOR ORDER TO STOP STEALING MAIL**

9 v.

10 R BINKELE, et al.,

11 Defendants.

Dkt. Nos. 61, 62, 64, 65

12

13 **INTRODUCTION**

14 Plaintiff, an inmate at the Correctional Training Facility proceeding *pro se*, filed this civil

15 rights action pursuant to 42 U.S.C. § 1983. His second amended complaint (Dkt. No. 55) is now

16 before the Court for screening pursuant to 28 U.S.C. § 1915A.

17 **DISCUSSION**

18 **A. Standard of Review**

19 A federal court must engage in a preliminary screening of any case in which a prisoner

20 seeks redress from a governmental entity, or from an officer or an employee of a governmental

21 entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and

22 dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be

23 granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

24 § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police*

25 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

26 Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27 claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

28 necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

1  grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

3  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

4  do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."

5  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

6  proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

7       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

8  right secured by the Constitution or laws of the United States was violated; and (2) that the

9  violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.

10  42, 48 (1988).

11  **B.**     **Prison Litigation Reform Act's Exhaustion Requirement**

12       Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that

13  "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

14  other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

15  such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are

16  required to exhaust the available administrative remedies prior to filing suit.  *Jones v. Bock*, 549

17  U.S. 199, 211 (2007).  The exhaustion requirement applies to all prisoner suits relating to prison

18  life.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion is required regardless of the relief

19  sought by the prisoner and regardless of the relief offered by the process, unless "the relevant

20  administrative procedure lacks authority to provide any relief or to take any action whatsoever in

21  response to a complaint."  *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 136

22  S.Ct. 1850, 1857, 1859 (2016).  An action must be dismissed unless the prisoner exhausts his

23  available administrative remedies *before* he or she files suit, even if the prisoner fully exhausts

24  while the suit is pending.  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see also*

25  *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not

26  exhausted before prisoner sends complaint to court, it will be dismissed even if exhaustion is

27  completed by the time complaint is actually filed).  But a prisoner satisfies the exhaustion

28  requirement as long as he exhausts his administrative remedies prior to filing an amended

2

1   complaint.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1006 (9th Cir. 2010) (PLRA's exhaustion

2   requirement was satisfied for new claims raised in amended complaint which arose after original

3   complaint was filed where administrative remedies for new claims were exhausted prior to filing

4   of amended complaint).  If the Court concludes that a plaintiff has failed to exhaust his or her

5   administrative remedies, the proper remedy is dismissal without prejudice of the portions of the

6   complaint barred by section 1997e(a).  *Jones*, 549 U.S. at 223–24.

7          "The California prison grievance system has three levels of review; an inmate exhausts

8   administrative remedies by obtaining a decision at each level."  *Reyes v. Smith*, 810 F.3d 654, 657

9   (9th Cir. 2016) (citing 15 Cal. Code Regs. § 3084.1(b) (2011) and *Harvey v. Jordan*, 605 F.3d

10  681, 683 (9th Cir. 2010)); *see also* 15 Cal. Code Regs. § 3084.7(d)(3) ("The third level of review

11  exhausts administrative remedies . . .").

12  **C.      Second Amended Complaint**

13         It appears from the face of the second amended complaint ("SAC") that Plaintiff did not

14  exhaust his available administrative remedies with respect to the claims raised in the SAC before

15  filing.  The SAC, filed on February 22, 2019, alleges that between July 2018 and February 2019,

16  correctional officers Baldin, Maldonald, Cuevas, and Lipatore stole Plaintiff's mail or ordered

17  other officers not to distribute his mail to him; prevented Plaintiff from receiving his legal mail;

18  and retaliated against Plaintiff for filing lawsuits against Officer Baldin by withholding his mail.[1]

19  ECF No. 55 at 4–13.  Plaintiff does not claim to have exhausted administrative remedies and,

20  given that an inmate must proceed through three levels of review to exhaust his or her

21  administrative remedies under the CDCR's grievance system, it is unlikely that a grievance filed

22  regarding constitutional violations in early 2019 would be exhausted prior to the filing of the SAC.

23  Accordingly, the Court will order Plaintiff to file a response within 28 days, explaining why this

24  action should not be dismissed for failure to exhaust administrative remedies. Such a dismissal

25  would be without prejudice, so that Plaintiff could refile the action once he finished exhausting

26  those remedies.

27

28  [1] Plaintiff has also named as defendants Warden Koenig and Chief Deputy Warden R. Binkele, but
    he makes no allegations against them in the SAC.

3

1  **D.      Pending Motions**

2          Plaintiff has filed three motions requesting that the Court appoint a prosecutor to

3  investigate why he has been unable to receive his mail.  Dkt. Nos. 61, 62 and 65.  Plaintiff's

4  motions are DENIED.  A court's authority to appoint a special prosecutor is extremely limited and

5  is authorized only when necessary to vindicate the court's own authority.  *United States v. Arpaio*,

6  906 F.3d 800, 806 (9th Cir. 2018) (citing *Young v. U.S. ex rel Vuitton Fils S.A.*, 481 U.S. 787,

7  793–96, 800–01 (1987)).

8          Plaintiff has also filed a motion requesting that the Court order prison officials to cease and

9  desist from stealing his mail, which the Court construes as a request for a preliminary injunction.

10  Dkt. No. 64.  The Prisoner Litigation Reform Act of 1995 ("PLRA") restricts the power of the

11  court to grant prospective relief in any action involving prison conditions.  *See* 18 U.S.C. §

12  3626(a); *Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998).  "A preliminary injunction is 'an

13  extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear*

14  *showing*, carries the burden of persuasion.'"  *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th

15  Cir. 2012) (citation omitted) (emphasis in original).  "A plaintiff seeking a preliminary injunction

16  must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

17  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

18  injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S.

19  7, 20 (2008).  Plaintiff has not established that he is likely to succeed on the merits of his claim.

20  Rather, it appears that he may not have administratively exhausted his claim.  Plaintiff's request

21  for a preliminary injunction enjoining prison officials from stealing his mail is DENIED.  Dkt. No.

22  64.

23  **E.      Miscellaneous Filings**

24          Plaintiff has filed over fifteen letters, notices, declarations, and amendments in the record.

25  *See* Dkt. Nos. 17, 22–24, 26, 31, 36, 39, 41, 43, 44, 52, 53, 58–60.  Plaintiff uses these filings to

26  report to the Court constitutional violations as they occur.  Plaintiff is cautioned that such filings

27  serve no legal purpose, and only serve to clutter the docket and waste judicial resources.  As

28  Plaintiff has been previously advised, a complaint is a self-contained document and may not

4

1    incorporate by reference any parts of prior complaints or other filings. *Cf. Hal-Roach Studios, Inc.*

2    *v. Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("an amended pleading supersedes

3    the original"). In screening Plaintiff's second amended complaint and any future complaints, the

4    Court will only consider the complaint itself, and will not consider filings in the record. In

5    addition, the time to support a claim with evidence is in opposition to a dispositive motion or at

6    trial. The court is not a depository for Plaintiff's prematurely filed evidence. Plaintiff's letters,

7    notice, declarations, and amendments will not be considered by the Court unless they are filed in

8    connection with a request for relief, or in opposition to such a request.

9                                          **CONCLUSION**

10        For the foregoing reasons, the Court orders as follows.

11        1.    Within twenty-eight (28) days from the date of this order, Plaintiff shall show cause

12   why this action should not be dismissed, without prejudice, for failure to exhaust available

13   administrative remedies. **Failure to respond in accordance with this order in the time**

14   **provided will result in dismissal of this action without prejudice for failure to exhaust**

15   **administrative remedies and without further notice to Plaintiff.** Again, Plaintiff may refile the

16   case after he has exhausted his administrative remedies.

17        2.    Plaintiff's motions requesting that the Court appoint a prosecutor to investigate

18   why he has been unable to receive his mail are DENIED. Dkt. Nos. 61, 62, 65. Plaintiff's motion

19   requesting that the Court order prison officials to stop stealing his mail is DENIED. Dkt. No. 64.

20        This order terminates Dkt. Nos. 61, 62, 64 and 65.

21        **IT IS SO ORDERED.**

22   Dated: June 3, 2019

23   _____

24   HAYWOOD S. GILLIAM, JR.
     United States District Judge

25

26

27

28

5