UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. HUMPHREYS,<br>Plaintiff,<br>v.<br>R BINKELE, et al.,<br>Defendants. | Case No. 17-cv-05628-HSG<br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at the Correctional Training Facility proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, this action will be DISMISSED without prejudice for failure to exhaust administrative remedies.

## BACKGROUND

On June 3, 2019, the Court screened Plaintiff's second amended complaint, which is docketed at Dkt. No. 55. Dkt. No. 66. The Court found that the second amended complaint, filed on February 22, 2019, alleged that between July 2018 and February 2019, correctional officers Baldin, Maldonald, Cuevas, and Lipatore stole Plaintiff's mail and ordered other officers not to distribute his mail to him; prevented Plaintiff from receiving his legal mail; and retaliated against Plaintiff for filing lawsuits against Officer Baldin by withholding his mail.[1] Dkt. No. 66 at 3 (citing to Dkt. No. 55 at 4–13). The Court noted that, from the face of the second amended complaint, it did not appear that Plaintiff had exhausted his available administrative remedies with respect to the claims raised in the SAC before filing. *Id.* The Court ordered Plaintiff to file a

---

[1] Plaintiff has also named as defendants Warden Koenig and Chief Deputy Warden R. Binkele, but he makes no allegations against them in the SAC.

1 response within 28 days, explaining why this action should not be dismissed for failure to exhaust
2 administrative remedies. *Id.*

**DISCUSSION**

Plaintiff responded to the Court's June 3, 2019 Order to Show Cause by filing exhibits in the record on June 19, 2019, Dkt. No. 67, and by filing a declaration with the Court on July 5, 2019, Dkt. No. 68. Plaintiff's exhibits indicate that on January 16, 2019, Plaintiff filed Grievance No. CTF-19-00286, which alleged that Officers Baldin, Lipatore, Cuevas, and Maldonald had been stealing his mail. Dkt. No. 67 at 2–5. The second level response construed this grievance as alleging that Officers Baldin, Lipatore, Cuevas, and Maldonald had been stealing his mail from approximately October 7, 2018 through January 31, 2019. Dkt. No. 67 at 6. The second level response granted his grievance in part in that an investigation was conducted into Plaintiff's allegations, but otherwise denied the grievance, finding that correctional staff did not violate CDCR policy with respect to the issues grieved. *Id.* Plaintiff appealed this denial to the third level of review, but the appeal was rejected on May 7, 2019 because it lacked a necessary supporting document. *Id.* at 1. There is nothing in the record that shows that Plaintiff resubmitted his appeal to the third level or that Grievance No. 19-00286 received a final decision at the third level of review. In his declaration, Plaintiff alleges that he has not received mail since November 6, 2018, due to various correctional officers, including Officers Baldin, Lipatore, Cuevas, and Maldonald, stealing his mail. Dkt. No. 68.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in

2

response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 136 S.Ct. 1850, 1857, 1859 (2016). An action must be dismissed unless the prisoner exhausts his available administrative remedies *before* he or she files suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before prisoner sends complaint to court, it will be dismissed even if exhaustion is completed by the time complaint is actually filed). But a prisoner satisfies the exhaustion requirement as long as he exhausts his administrative remedies prior to filing an amended complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1006 (9th Cir. 2010) (PLRA's exhaustion requirement was satisfied for new claims raised in amended complaint which arose after original complaint was filed where administrative remedies for new claims were exhausted prior to filing of amended complaint). If the Court concludes that a plaintiff has failed to exhaust his or her administrative remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24.

"The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing 15 Cal. Code Regs. § 3084.1(b) (2011) and *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)). "The third level of review exhausts administrative remedies . . ." 15 Cal. Code Regs. § 3084.7(d)(3).

The record shows that Plaintiff failed to exhaust administrative remedies with respect to his claims in the second amended complaint prior to filing. The second amended complaint was filed on February 22, 2019. *See* Dkt. No. 55. The Court will assume arguendo that Grievance No. 19-00268 grieves some, or all, of the same claims as those raised in the second amended complaint. However, as of the date of the filing of the second amended complaint, Plaintiff had only received a second level response to this grievance. A decision at the third level of review is required to exhaust CDCR's administrative remedies. 15 Cal. Code Regs. § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subjected to a third level of review, as described in section 3084.7, because administrative remedies are exhausted."); *see also* 15 Cal.

3

Code Regs. § 3084.7(d)(3). Plaintiff therefore did not exhaust his administrative remedies with respect to his claims in the second amended complaint prior to filing,[2] and this action must be DISMISSED without prejudice for failure to exhaust administrative remedies. *See Vaden*, 449 F.3d at 1051.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED for failure to exhaust administrative remedies without prejudice to refiling a new, separate action once Plaintiff has finished exhausting his administrative remedies with respect to the claims raised in the SAC. The Clerk shall terminate all pending motions, enter judgment in favor of Defendants, and close the file.

**IT IS SO ORDERED.**

Dated: 11/12/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] "A cancellation or rejection decision does not exhaust administrative remedies." 15 Cal. Code Regs. § 3084.1(b). Accordingly, the May 7, 2019 letter from the Office of Appeals rejecting Plaintiff's appeal of the second level denial of Grievance No. CTF-19-00286 also does not exhaust Plaintiff's administrative remedies with respect to the issues raised in Grievance No. CTF-19-00286.

4